FILED

04/21/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

## STATE OF TENNESSEE v. MAURICE ALLEN MILLS, JR.

**Appeal from the Criminal Court for Knox County**
No. 104374   Steven Wayne Sword, Judge

_____

**No. E2016-01118-CCA-R3-CD**

_____

The pro se defendant, Maurice Allen Mills, Jr., appeals as of right from the Knox County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1") motion to correct an illegal sentence. The defendant contends his motion stated a colorable claim for relief, so the trial court erred in summarily denying it. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Maurice Allen Mills, Jr., Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jacob Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On June 10, 2015, the defendant pled guilty to one count of possession with intent to sell a Schedule II controlled substance within 1000 feet of a school, one count of possession with intent to deliver a Schedule II controlled substance within 1000 feet of a school, one count of possession with intent to sell a Schedule II controlled substance within 1000 feet of a child care agency, one count of possession with intent to deliver a Schedule II controlled substance within 1000 feet of a child care agency, one count of

simple possession of a Schedule IV controlled substance, and one count of failure to appear at an arraignment. The guilty plea included the prosecutor's recommended sentences, but the final judgments are noticeably absent from the record. The defendant subsequently filed a motion to correct illegal sentence on June 22, 2015, arguing: his sentence was illegally enhanced; the arresting officers performed an illegal search and seizure; he did not receive judicial diversion; and he received ineffective assistance of counsel during his sentencing hearing. On February 1, 2016, the trial court entered an order denying the defendant's motion, finding:

> After reviewing the motion, the court finds that the defendant has failed to assert a colorable claim pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The defendant's motion raises issues regarding his guilty plea that do not fall within the purview of Rule 36.1. There are no issues raised [regarding] the legality of the defendant's sentence. Therefore, the defendant's motion is hereby dismissed.

It is unclear when the defendant received the trial court's order because on March 15, 2016 and May 16, 2016, he filed motions asking for the status of the proceedings. The defendant subsequently filed an untimely notice of appeal on May 31, 2016.

On appeal, the defendant reasserts the arguments made in his motion to correct illegal sentence and asserts the trial court abused its discretion when denying the motion. The defendant further contends the trial court erred when failing to appoint counsel to investigate his ineffective assistance of counsel claim. The State argues the defendant's claims do not entitle him to relief under Rule 36.1. Upon review of the record and the briefs, we agree with the State and affirm the judgment of the trial court.

*Analysis*

I.      **Untimely Notice of Appeal**

At the outset, we note the defendant filed an untimely notice of appeal. The Tennessee Rules of Appellate Procedure require an appellant to file a notice of appeal within thirty days of the judgment being appealed. Tenn. R. App. P. 4(a). A timely filed notice of appeal is not jurisdictional in this Court, and we may elect to waive the requirement in the interest of justice. Tenn. R. App. P. 4(a). "'In determining whether waiver is appropriate, this [C]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212,

214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

Based on statements made in his brief, the defendant appears unaware the trial court entered an order dismissing his motion to correct illegal sentence, and the State has not raised the untimely notice in its brief. Regardless, the defendant has failed to state cognizable grounds for relief under Rule 36.1, so the interests of justice do not require the waiver of the timely filing of a notice of appeal. Because "'nothing in Rule 36.1 precludes the filing of subsequent petitions for relief, which would allow [the defendant] to correct the deficiencies in his pleadings and begin the process anew,'" in the interest of judicial economy, this Court has previously addressed the merits of similarly waived Rule 36.1 claims. *State v. Kenneth Lebron Wynn*, No. E2015-00575-CCA-R3-CD, 2015 WL 5993406, at *2 (Tenn. Crim. App. Oct. 14, 2015) (quoting *State v. Marcus Deon Jarnigan*, No. E2015-00061-CCA-R3-CD, 2015 WL 5014514, at *1 (Tenn. Crim. App. Aug. 25, 2015). For this reason, we will also address the merits of the defendant's claims on appeal.

## II.    Rule 36.1

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1, is a question of law so de novo review applies. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.* Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id.* at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id.* Fatal errors are those errors "'so profound as to render the sentence illegal and void" and include "sentences

imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.*

Even taking the defendant's claims as true, the defendant's brief is void of a single claim that would entitled him to relief under Rule 36.1. His challenges to the methodology used by the trial court when imposing his sentence, including the use of enhancement factors and denial of judicial diversion, could have and should have been raised on direct appeal following the sentencing hearing. Likewise, a Rule 36.1 motion to correct illegal sentence is not the proper mechanism by which to challenge the sufficiency of trial counsel nor do the defendant's illegal search and seizure claims give rise to relief under Rule 36.1. The defendant raises only appealable errors that do not render his sentence void or illegal. *See State v. Markhayle Jackson*, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at * 2 (Tenn. Crim. App. May 31, 2016) (finding the defendant's claims he received ineffective assistance of counsel and did not knowingly and voluntarily enter his guilty plea were appealable errors, not fatal errors). The defendant is not entitled to relief on this issue.

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE